IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**IBRAHIM MARTIN-BANGURA,**

      **Plaintiff,**

v.                                    C.A. No. 1:08cv1001

**COMMONWEALTH OF VIRGINIA
DEPARTMENT OF MENTAL HEALTH,
MENTAL RETARDATION AND SUBSTANCE
ABUSE SERVICES, D/B/A NORTHERN
VIRGINIA TRAINING CENTER,**

      **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF THE DEFENDANTS' CLAIM PRECLUSION ARGUMENT

Defendants Commonwealth of Virginia, Department of Mental Health, Mental Retardation, and Substance Abuse Services, d/b/a Northern Virginia Training Center ("NVTC") (hereinafter referred to as "Defendants"), by counsel, submit the following memorandum of law in support of their Motion for Reconsideration of the Court's denial of claim preclusion/*res judicata* for the Complaint filed against them by the Plaintiff herein, Ibrahim Martin-Bangura, formerly known as Mohammed Kamara ("Plaintiff" or "Kamara").

I.    PROCEDURAL HISTORY

The Plaintiff filed this lawsuit against the Defendants on September 24, 2008, alleging that the Defendants discriminated against him based on his race, national origin and

gender under Title VII. The Defendants filed a motion to dismiss on November 20, 2008 contending the Plaintiff's claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) ("FRCP") for failure to state a claim. The Court heard oral argument on the motion to dismiss on December 12, 2008 and denied the Defendants' motion based on claim preclusion *res judicata*, requested supplemental briefing on the issue-preclusion argument and determined the sovereign immunity argument was moot.

The underlying administrative process which is the focus of this lawsuit is the Virginia state grievance procedure. *See* Virginia Code § 2.2-3000 et seq.[1]

The Defendants based on the Code of Virginia, the state Grievance Procedure Manual and the Rules for Conducting Grievance Hearings ask the Court to reconsider the denial of claim preclusion/*res judicata.*

Basis for Reconsideration

The FRCP does not specifically address the reconsideration of orders during the active litigation of a case. *See* FRCP 59 and 60. FRCP 59 addresses requesting a new trial, altering or amending a judgment and FRCP 60 addresses relief from a judgment or order. A court cannot use FRCP 59 or 60 for a motion for reconsideration because these rules apply to final judgments. *Fayetteville Investors v. Commercial Builders, Inc.,* 936, F.2d 1462 (4th Cir. 1991).

However, the United States Court of Appeals for the Fourth Circuit has ruled:

Interlocutory orders and judgments are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford

---

[1] The Virginia General Assembly has created a comprehensive system by which most state employees can challenge certain management actions through a grievance procedure first initiated within the affected agency itself. Grievances that qualify may proceed to an independent hearing officer and then, if necessary, through the courts. This procedure is created and defined by Chapter 30 of Title 2.2 of the Code of Virginia ("State Grievance Procedure") Virginia Code § 2.2-3000 *et seq*.

> such relief from them as justice requires…Such a partial adjudication would not, therefore, be subject to the restrict provisions of Rule 60(b).

*Fayetteville Investors,* 936 F.2d at 1473 (quoting Moore's Federal Practice Para. 60.20).

A court may reevaluate the basis upon which it made a prior ruling. *See Glenn v. Inland Container Corp.*, 1993 U.S. App. LEXIS 8621 (4th Cir. Va. Apr. 16, 1993). *See also*, *Presley v. City of Charlottesville*, 2007 U.S. Dist. LEXIS 32706 (W. D. Va. May 3, 2007) (denials of motions to dismiss remain subject to reconsideration up until the time of entry of final judgment and therefore are not the law of the case).

While the motion for reconsideration is not specifically mentioned in the FRCP, the motion is not uncommon in federal practice. *Glenn* at 8622. A motion for reconsideration is appropriate if the court has potentially misunderstood a party or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension. *Glenn* at 8622.

The Defendants contend in the instant case that the information and documents presented during the motion to dismiss hearing on December 12, 2008 did not fully apprise the court of the Virginia State Grievance Procedure or the authority of the hearing officer during the grievance process. The Court, in fact, inquired about the stated grievance procedure at the beginning of the hearing on December 12, 2008. Defendants' counsel in response to the Court's inquiry should have provided more detail regarding the state grievance process and a copy of the relevant Code of Virginia section, the Grievance Procedure Manual and the Rules for Conducting Grievance Hearings.

a.  Code of Virginia

The Court ruled on December 12, 2008, the claim of discrimination could not have been raised by the Plaintiff during the grievance procedure and that the hearing officer did not have the authority to hear a claim of discrimination.

The statutory Grievance Procedure § 2.2-3004 specifically addresses this issue.

> § 2.2-3004. Grievances qualifying for a grievance hearing; grievance hearing generally. – A. A grievance qualifying for a hearing shall involve a complaint or dispute by an employee relating to the following adverse employment actions in which the employee is personally involved, including but not limited to (i) formal disciplinary actions, including suspensions, demotions, transfers and assignments, and dismissals resulting from formal discipline or unsatisfactory job performance; (ii) the application of all written personnel policies, procedures, rules and regulations where it can be shown that policy was misapplied or unfairly applied; (iii) **discrimination on the basis of race, color, religion, political affiliation, age, disability, national origin or sex;** (iv) arbitrary or capricious performance evaluations; (v) acts of retaliation as the result of the use of or participation in the grievance procedure or because the employee has complied with any law of the United States or of the Commonwealth, has sought any change in law before the Congress of the United States or the General Assembly, or has reported an incidence of fraud, abuse, or gross mismanagement; and (vi) retaliation for exercising any right otherwise protected by law.

The hearing officer has the authority to look at all the evidence presented during the grievance proceedings. In addition, claims of discrimination based on race, national origin and sex/gender could have been addressed during the Plaintiff's grievance proceeding challenging his termination.[2] The hearing officer can even consider how other employees accused of similar conduct were discipline compared to the party in the grievance case he is considering. See attached Grievance Procedure Rules and Rules for Conducting Grievance Hearings.[3]

---

[2] The Court can take judicial notice of this Code section pursuant to Virginia Code § 8.01-386 and not treat this as a MSJ under FRCP 56.
[3] The Court may also take judicial notice of the Grievance Procedural Rules and Rules for Conducting Grievance Hearings-www.edr.virginia.gov, pursuant to Code of Virginia § 8.01-388.

4

Because Plaintiff selected the grievance procedure as his method to challenge his termination and failed to raise the discrimination claim during that procedure, he should not be permitted to raise the claim in this Court. Counsel's failure to raise a claim during previous litigation does not constitute an exception to the doctrine of *res judicata*. *Fennell v. Town of Pocahontas*, 2005 U.S. Dist. LEXIS 19007 (W. D. Va. Sept. 2, 2005). *See also*, *Turner v. United States*, 553 F. Supp. 347, 349 (W. D. Va. 1982) (stating "it makes no difference" in the *res judicata* analysis that plaintiff's attorney allegedly failed to raise the issue in question).

Section 2.2-3005 sets forth the duties of a hearing officer and permits the hearing officer to address claims of discrimination. In the Plaintiff's grievance procedure, his counsel could have raised the issue of discrimination and requested the disciplinary records of other employees he claimed were treated differently.

b. Grievance Procedure Manual

The Grievance Procedure Manual at § 5.7 sets forth the authority of the hearing officer. It states

> A hearing officer's authority derives from Va. Code § 2.2-3000 et seq., the Rules for Conducting Grievance Hearings, and this Grievance Procedural Manual.
>
> Hearing officers have the authority to:
>
> 1. Hold a prehearing conference;
> 2. Require the parties to exchange a list of witnesses and documents;
> 3. Issue orders for the appearance of witnesses at hearings and the production of documents;
> 4. Decide whether non-parties may attend the hearing (however, a representative of EDR may attend any hearing);
> 5. Record the hearing verbatim;
> 6. Administer oaths;

5

7. Admit evidence and exclude evidence, including but not limited to evidence in mitigation or aggravation of any offense charged by agency;
8. Accept offers of proof of excluded evidence;
9. Rule on procedural requests;
10. Render written decisions on qualified grievances and provide appropriate relief; and
11. Take other action as specified in the grievance procedure.

The Plaintiff in the grievance proceeding failed to fully avail himself of the authority the hearing officer could have exercised. For example, the Plaintiff could have at the pre-hearing conference alleged he was terminated based on discrimination and asked for the discipline records of other NVTC employees to present evidence of alleged discrimination. In addition, the Plaintiff could have asked for the records of the other NVTC employees he alleged engaged in sexual harassment, but were not terminated or given any less form of discipline than the Plaintiff received. Plaintiff failed to take any of these actions during the grievance proceeding. *See* Rules for Conducting Grievance Proceedings § III, (D). In fact, numerous rulings and hearing officer's decision deal with grievance hearings that address claims of discrimination by the employee being disciplined. *See* Rulings and Hearing Officer's Decisions.[4]

Because the Plaintiff chose the grievance process he committed himself to the results of those proceedings, including the fact that any subsequent attempt to re-litigate his termination would constitute claim-splitting under Virginia law.

---

[4] Id. and See attached Hearing Officer's Decision 2005-8185 and Hearing's Decision 2006-8305- www.edr.virginia.gov.

Even assuming, *arguendo*, that the grievance procedure is more limited in scope than a federal proceeding that does not mean it should not be given preclusive effect in this case. Specifically:

> Principles [of federal common law] require plaintiffs to assert their claims initially in the forum with the broadest possible jurisdiction…. If a plaintiff has a collection of claims that arise from one set of events and has an unconstrained choice between a forum of limited jurisdiction and a forum of broad jurisdiction, a decision to proceed in the more limited forum precludes [him] from bringing the unlitigated claims in a subsequent proceeding.

*Humphery v. Tharaldson Enter.*, 95 F.3d 624,626 (7th Circuit. 1996) (quoting *Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857, 864-65 (7th Cir. 1996) (citing Restatement (Second) of Judgments, §§ 24, 25 cmt.E)).

The Plaintiff chose to bring his suit before an administrative tribunal of [allegedly] limited jurisdiction, despite the availability of both state and federal forums with general jurisdiction to address all these claims. Consequently, claim preclusion bars him from re-litigating his suit in federal court. *Humphery,* 95 F3d at 627.

Considering these code provisions, procedural regulations, and actual rulings under the Grievance Procedure, Plaintiff should not be permitted to re-litigate his discrimination claim.

c.  <u>Rulings for Conducting Grievance Proceedings</u>

Section II of the rules provides a summary of the hearing officer's duties and powers. Based on this summary, the hearing officer does have the authority to address most of the aspects a court of law could address, such as pre-trial conference, requiring the parties to state the issues in dispute, requiring witnesses to appear, requesting records and determining if the disciplinary charges is appropriate based on the facts alleged. *See* Rules for Conducting Grievance Proceedings § II.

The hearing officer even has authority to order reinstatement and award reasonable attorney's fees. *See* Grievance Procedure Manual § 5.9(a).

During the December 12, 2008 hearing counsel for Defendants' indicated the issue of discrimination or retaliation could be raised during the mitigation stage of grievance proceeding and in fact this was the one of the issues in the *Davani* case. However, the Code of Virginia, the Virginia Grievance Manual and the rules for Conducting Grievance as well as actual Hearing Officer's decision clearly indicate the issue of discrimination can be raised during the initial stages of a grievance proceeding to challenge the disciplinary notice the employer receives and the hearing officer has the authority to review a claim of discrimination at the initial stages of a grievance proceeding. See Hearing Officer's Ruling and Decisions-www.edr.virginia.gov.

The Plaintiff in this case failed to avail himself of full array of procedural options the grievance process afforded him and now must not be permitted to challenge a proceeding and determination that must be afforded finality under the Full Faith and Credit Act (28 U.S.C. § 1738). *See also Hurdle v Virginia Dep't of Envt' l. Quality,* 227 F. Supp. 2d 549 (E.D. 2002). (The provisions of 28 U.S.C. § 1738 apply to state administrative determinations so long as such determinations were reviewed by a state court).

## II. CONCLUSION

The Court indicated several times during the hearing on December 12, 2008, the finality of claim preclusion argument could be addressed if necessary on a motion for summary judgment. Defendants respectfully contend based on the Full Faith and Credit Act, the Code of Virginia and the extensive review available under the Virginia State Grievance procedure the Court can at this stage of the proceedings and in accordance with

existing case law in this circuit, including the reasoning set forth in *Davani v. Clement*, 2008 U.S. App. LEXIS 2624 (4th Cir. 2008), determine the Plaintiff's claims are barred by res judicata/claim preclusion under a FRCP 12(b) (6) motion.

                      Respectfully submitted,

                      COMMONWEALTH OF VIRGINIA., et al

            By:           _____/s/_____

                      Gregory C. Fleming
                      Virginia Bar Number: 24819
                      Counsel for Defendant
                      Office of the Attorney General
                      900 East Main Street
                      Richmond, Virginia 23219
                      Telephone: (804) 786-5636
                      Fax: (804) 371-2087
                      E-mail: gfleming@oag.state.va.us

Robert F. McDonnell
Attorney General of Virginia

Maureen Riley Matsen
Deputy Attorney General

Peter R. Messitt
Senior Assistant Attorney General and Acting Chief

*Gregory C. Fleming
Senior Assistant Attorney General
State Bar No. 24819
Telephone: (804) 786-5636
Fax: (804) 371-2087
gfleming@oag.state.va.us

*Counsel of Record

**Certificate of Service**

COMMONWEALTH OF VIRGINIA
DEPARTMENT OF MENTAL HEALTH, MENTAL
RETARDATION AND SUBSTANCE ABUSE
SERVICES D/B/A NORTHERN VIRGINIA
TRAINING CENTER

By: _____/s/_____
Gregory C. Fleming
Virginia Bar Number: 24819
Counsel for Defendants
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-5636
Fax: (804) 371-2087
E-mail: gfleming@oag.state.va.us

Robert F. McDonnell
Attorney General of Virginia

Maureen Riley Matsen
Deputy Attorney General

Peter R. Messitt
Senior Assistant Attorney General/Chief

Ronald N. Regnery
Senior Assistant Attorney General

*Gregory C. Fleming
Senior Assistant Attorney General
State Bar No. 24819

*Counsel of Record

Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
Telephone: (804) 786-5636
Fax: (804) 371-2087

**Certificate of Service**

I hereby certify that, on this 30TH day of December, 2008, the foregoing **Defendants' Motion for Reconsideration of the Defendants' Claim Preclusion Argument** was filed electronically with the clerk of court using the CM/ECF system, which will send notification of such filing (NEF), to the following:

    Christopher R. Rau, Esquire
    Law Offices of Christopher Rau
    2007 N. 15th Street, Suite 7
    Arlington, VA  22201
    Counsel for Plaintiff
    Telephone: (703) 524-1800
    Fax:  (703) 312-8312
    Email: CRRAU@AOL.COM


By:  _____/s/_____
    Gregory C. Fleming
    Virginia Bar Number: 24819
    Counsel for Defendants
    Office of the Attorney General
    900 East Main Street
    Richmond, Virginia  23219
    Telephone: (804) 786-5636
    Fax: (804) 371-2087
    E-mail:  gfleming@oag.state.va.us

Case 1:08-cv-01001-TSE-IDD   Document 40   Filed 12/30/2008   Page 13 of 13